IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| STEPHEN A. DOWNS, SR. | ) | |
| | ) | |
| v. | ) | NO. 3:10-0661 |
| | ) | |
| ERIC K. SHINSEKI, Secretary, | ) | |
| Department of Veterans Affairs | ) | |

TO: Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered July 12, 2010 (Docket Entry No. 3), this case was referred to the Magistrate Judge for frivolity review under 28 U.S.C. § 1915(e)(2)(B) and for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b).

Presently pending before the Court is the defendant's motion to dismiss (Docket Entry No. 18), to which the plaintiff has filed a response in opposition (Docket Entry No. 21). Set out below is the Court's recommendation for disposition of the motion.

## I. BACKGROUND[1]

The plaintiff, a Tennessee resident who is proceeding pro se, filed this civil action in forma pauperis on July 9, 2010, and later amended his complaint (Docket Entry No. 9). He alleges employment discrimination, retaliation, and a civil conspiracy, names as the defendant Eric K. Shinseki, the Secretary for the Department of Veterans Affairs ("VA"), and brings causes of action under: 1) 42 U.S.C. § 1981; 2) the Age Discrimination in Employment Act ("ADEA"); 3) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; 4) the Rehabilitation Act; and 5) the Americans with Disabilities Act ("ADA"). The plaintiff's action stems from his unsuccessful attempts to gain employment with the VA in the positions of Legal Administrative Specialist, File Clerk, and Program Support Clerk. See Complaint (Docket Entry No. 1), at 4-5. The plaintiff contends that he has "filed informal and formal complaints" concerning his allegations, id. at 5, and received a "notice of right to file a civil action" on May 21, 2010, and a "decision on Plaintiffs (sic) second formal complaint" on July 9, 2010. Id. at 3.

By Order entered December 6, 2010 (Docket Entry No. 12), the Court found that the plaintiff had alleged non-frivolous claims and ordered that process issue to the defendant. In lieu of an answer, the defendant filed the pending motion to dismiss. The defendant seeks dismissal of the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure

---

[1] The background facts are summarized from the plaintiff's pleadings and are construed in the light most favorable to the plaintiff.

contending that the plaintiff has failed to state a claim upon which relief can be granted. More specifically, the defendant asserts that the plaintiff's claims are so lacking in sufficient "factual bases" that the defendant cannot file an adequate response and that the plaintiff "has only set forth conclusory allegations with specifics by only generally mentioning" the statutory claims that he is making. See Memorandum in Support (Docket Entry No. 19), at 3-4.

In response, the plaintiff disputes that his pleadings lack supporting factual allegations and points out the specific factual allegations that he has made in his pleadings. He contends that he has sufficiently pled his claims. See Docket Entry No. 21.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S.__, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000).

### III. ANALYSIS

The defendant's motion to dismiss should be denied in large part. The defendant has not made a persuasive case for dismissal of the action under Rule 12(b)(6). In fact, the arguments made by the defendant in support of its motion are themselves devoid of detail and analysis. Further, although the defendant includes a paragraph detailing a prior action filed by the plaintiff and how that action was resolved, the defendant fails to offer any actual argument showing how this information is relevant or why these facts require dismissal of the instant action.

The plaintiff set out in his pleadings the facts underlying his claims, see Complaint (Docket Entry No. 1), at 4-6, and his specific cause of action. Id. at 6-10. Although the Court agrees that the plaintiff's pleadings suffer from a lack of some factual specificity, given the plaintiff's pro se status, and the standard to be applied upon a motion to dismiss under Rule 12(b)(6), the Court cannot find that the allegations are either so lacking or so conclusory that the plaintiff has not shown a plausible claim for relief and has not pled his claims. Specifically, he has alleged that he is protected under the ADEA, is disabled, was qualified for the jobs for which he applied, was denied those jobs, and was retaliated against. His claims may ultimately be shown to be lacking in merit and subject to dismissal upon summary judgment or at trial, but dismissal of the claims is not appropriate at this stage of the proceedings.

Nonetheless, in his response, the plaintiff argues that his complaint is sufficient to move forward with this claims under 42 U.S.C. § 1981, the ADEA, Title VII and the Rehabilitation Act. See Docket Entry No. 21. Accordingly, the Court construes the plaintiff as abandoning his claim under the ADA and any other claims alleged in the complaint. Thus, the claims in the instant action consist only of claims under 42 U.S.C. § 1981, the ADEA, Title VII and the Rehabilitation Act.

Furthermore, this action is to be limited to the claims alleged in the pleadings which have been filed in this action. In his response in opposition, the plaintiff states that he

wants to make clear to the defendant that claims brought in his prior lawsuit, Downs v. Shinseki, 3:08-1045, are being "given rebirth" and "resurrected" in the instant action. See Docket Entry No. 21, at 6. While his prior claims may not have been dismissed with prejudice in the prior action, those claims do not become a part of the instant action merely by the plaintiff making an argument in his response to the defendant's motion.

## R E C O M M E N D A T I O N

For the reasons set out herein, the Court respectfully RECOMMENDS that the defendant's motion to dismiss (Docket Entry No. 18) be:

1) DENIED to the extent that the defendant seeks dismissal of the plaintiff's claims under 42 U.S.C. § 1981, the ADEA, Title VII and the Rehabilitation Act; and

2) be GRANTED as to all other claims.

The Court further RECOMMENDS that the defendant be required to answer the plaintiff's complaint and amended complaint.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and

Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge