IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STEPHEN A. DOWNS, SR. )
)
v. ) NO. 3:10-0661
)
ERIC K. SHINSEKI, Secretary, )
Department of Veterans Affairs )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMENDATION

By Order entered July 12, 2010 (Docket Entry No. 3), this case was referred to the Magistrate Judge for frivolity review under 28 U.S.C. § 1915(e)(2)(B) and for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b).

Presently pending before the Court is the defendant's partial motion to dismiss (Docket Entry No. 26), to which the plaintiff has filed a response in opposition (Docket Entry No. 28).[1] Also pending before the Court is the plaintiff's motion (Docket Entry No. 32) for leave to amend his complaint. The defendant has filed a response in opposition (Docket Entry No. 33) to the motion for leave to amend, to which the plaintiff has filed a reply. See Docket Entry No. 35. Set out below is the Court's recommendation for disposition of the motions.

---

[1] The plaintiff's response was styled as a "motion to dismiss defendant['s] partial motion to dismiss and request for the court to set out by order a scheduling order." The Federal Rules of Civil Procedure do not allow a "motion to dismiss a motion to dismiss" to be filed in response to a motion to dismiss. Accordingly, the Court has construed the filing as a response in opposition and not as a separate motion to dismiss.

## I. BACKGROUND[2]

The plaintiff, a Tennessee resident who is proceeding pro se, filed this civil action in forma pauperis on July 9, 2010, and later amended his complaint (Docket Entry No. 9). He names as the defendant Eric K. Shinseki, the Secretary for the Department of Veterans Affairs ("VA"), and his initial pleadings set out causes of action under: 1) 42 U.S.C. § 1981 ("Section 1981"); 2) the Age Discrimination in Employment Act ("ADEA"); 3) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; 4) the Rehabilitation Act of 1973; and 5) the Americans with Disabilities Act ("ADA") based on allegations of employment discrimination, retaliation, and a civil conspiracy. The plaintiff's claims stem from his unsuccessful attempts to gain employment with the VA in the positions of Legal Administrative Specialist, File Clerk, and Program Support Clerk. See Complaint (Docket Entry No. 1), at 4-5. The plaintiff contends that he has "filed informal and formal complaints" concerning his allegations, id. at 5, and received a "notice of right to file a civil action" on May 21, 2010, and a "decision on Plaintiffs (sic) second formal complaint" on July 9, 2010. Id. at 3.

By Order entered December 6, 2010 (Docket Entry No. 12), the Court found that the plaintiff had alleged non-frivolous claims and ordered that process issue to the defendant. In lieu of an answer, the defendant filed a Motion to Dismiss (Docket Entry No. 18) seeking dismissal of the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. By Order entered April 11, 2011 (Docket Entry No. 25), the Court granted the Motion in part and dismissed the plaintiff's claims under the ADA but permitted the remaining claims to move forward. The Court also deemed the plaintiff's proposed Second Amended Complaint (Docket Entry No. 24), which he filed to clarify

---

[2] The background facts are summarized from the plaintiff's pleadings and are construed in the light most favorable to the plaintiff.

his claims, to be the prevailing pleading in the action and ordered the defendant to respond to the Second Amended Complaint.

In his second Amended Complaint, the plaintiff sets out seven specific causes of action and contends that the facts of each cause of action violate Section 1981, Title VII, and the ADEA.[3]

> 1. He applied for a Legal Administrative Specialist position posted in Job Announcement #2008-05-NV but was not selected. He alleges that VA employees changed his test scores allowing other applicants to "go ahead of him on the list of Best Qualified ("BQ") applicants" and that he was then retaliated against "in the second and third round of hiring for that announcement;"
>
> 2. He was "blacklisted" during the period of January 30, 2008, through at least April 1, 2008, because VA employees were instructed to not speak with him about employment but to forward his calls to a number that was "not attended to." He contends that this violated his First Amendment and equal protection rights in addition to the statutes under which his suit was brought;
>
> 3. He was not fairly considered for a position posted in Announcement #20089-120-NV by being "screened out" and younger and less qualified applicants were hired for the positions;
>
> 4. He was discriminated against and retaliated against by not being hired for a Program Support Specialist position posted in Announcement 2009-397-NV and younger and less qualified applicants were hired for the positions, as well as applicants who were not in the plaintiff's protected status of being a "30% or more service connected disabled veteran;"
>
> 5. He was discriminated against and retaliated against by not being hired for the positions posted in Announcement #2010-292A-NV and younger and less qualified applicants were hired for the positions, as well as applicants who were not in the

---

[3] In his Second Amended Complaint, the plaintiff does not set out a claim for violation of the Rehabilitation Act of 1973. Accordingly, the Court does not view the plaintiff's action as setting out a claim under that Act. Further, although the plaintiff asserts that the defendant violated the Civil Rights Act of 1991, he does not specify his actual claim under this Act or distinguish it from his assertion of claims under Section 1981 and Title VII, both of which were amended by the Civil Rights Act of 1991. Accordingly, the Court construes any reference in the Second Amended Complaint to the Civil Rights Act of 1991 merely to clarify that the plaintiff is relying on Section 1981 and Title VII as amended by the 1991 Act.

plaintiff's protected status of being a "30% or more service connected disabled veteran;"

6. A discriminatory and retaliatory conspiracy existed within the VA to prevent him from being employed by the VA; and

7. He has been subjected to a "continuing violation" of discrimination and retaliation as evidenced by the factual allegations supporting his other claim.

See Second Amended Complaint (Docket Entry No. 24), at 5-10.

The defendant responded to the Second Amended Complaint by filing a partial Motion to Dismiss (Docket Entry No. 26) under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[4] The defendant is seeking to dismiss the plaintiff's first, second, and fifth causes of action for lack of jurisdiction because the plaintiff did not exhaust administrative remedies for these claims and to dismiss the plaintiff's sixth and seventh causes of action because his factual allegations fail to state a claim upon which relief can be granted

## II. ANALYSIS

A. The Defendant's Rule 12(b)(1) Arguments

The defendant argues that the plaintiff's first and second causes of action were asserted in a prior action filed by the plaintiff in this Court, Downs v. Secretary of Veteran Affairs, 3:08-1045. The defendant asserts that the prior action was dismissed for lack of jurisdiction and for failure to exhaust and that such dismissal was affirmed upon appeal by the Sixth Circuit Court of Appeals.

---

[4] In his motion, the defendant refers to the plaintiff's Second Amended Complaint as being filed on July 9, 2010 and being Docket Entry No. 1. See Docket Entry No. 27, at 1. These references are accurate if the defendant intended to refer to the original Complaint filed in this action, but the Second Amended Complaint was filed on March 26, 2011, and is Docket Entry No. 24.

See Docket Entry No. 27, at 6-7. As such, the defendant argues that the issue of administrative exhaustion on these two causes of action has been determined and that dismissal under Rule 12(b)(1) is required. The defendant's argument lacks merit on several levels without taking into consideration the arguments raised in the plaintiff's response in opposition to dismissal of these two causes of action.

First, the defendant has not shown that the plaintiff's prior action actually encompassed the plaintiff's second cause of action, which contains factual allegations that are distinct from those made in support of his first cause of action.

Second, the defendant has not established that the issue of exhaustion of administrative remedies for the plaintiff's causes has preclusive effect in the instant action. The dismissal of the prior action was specifically without prejudice. See Downs v. Secretary of Veterans Affairs, 3:08-1045, Docket Entry No. 37, at 5. Further, although a lack of exhaustion of administrative remedies was included as a basis for the dismissal order, id. at Docket Entry No. 38, the court specifically found that it lacked jurisdiction over the action because it was not a "mixed case" under applicable law and, thus, jurisdiction for the plaintiff's appeal from the decision of the Merit Systems Protection Board lay exclusively with the Federal Circuit Court of Appeals. Id. The decision of the Sixth Circuit Court of Appeals affirming the dismissal of the prior case rested solely upon the issue of lack of subject matter jurisdiction and not upon lack of administrative exhaustion. Id. at Docket Entry No. 49. The defendant has not shown how, in light of the above facts, the dismissal of the plaintiff's prior action constitutes a dismissal on the merits by a court of competent jurisdiction or how the issue of exhaustion of administrative remedies was necessary to the judgment which dismissed the prior action. See Holloway v. Brush, 220 F.3d 767, 778 (6th Cir. 2000) ("a dismissal

5

for lack of subject matter jurisdiction does not operate as an adjudication on the merits for preclusive purposes.").[5]

Third, the defendant has not otherwise satisfied his burden of showing a lack of administrative exhaustion for the first and second causes of action. In his Second Amended Complaint, the plaintiff specifically sets out facts supporting his assertion of exhaustion. See Docket Entry No. 24, at 3. In the face of the plaintiff's allegations, the defendant has not supported its motion with any exhibits or other evidence showing a lack of exhaustion.

Finally, a showing that administrative remedies have not been exhausted for statutory employment discrimination claims is not a cognizable basis for an argument that subject matter jurisdiction does not exist and that dismissal under Rule 12(b)(1) is required. Exhaustion is not a jurisdictional pre-requisite, but merely a condition precedent to filing statutory employment discrimination claims. See Zipes v. Trans World Airlines, 455 U.S. 385, 393-98, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); Mitchell v. Chapman, 343 F.3d 811, 819-20 (6th Cir. 2003). Accordingly, while dismissal may be warranted for lack of exhaustion, it is not because of a lack of subject matter jurisdiction over the claims. Spengler v. Worthington Cyclinders, 615 F.3d 481, 489-90 (6th Cir. 2010); Hill v. Nicholson, 383 Fed. Appx. 503, 2010 WL 2640261, *3 (6th Cir. June 24, 2010); McKnight v. Gates, 282 Fed. Appx. 394, 2008 WL 2491626, *2 n.2 (6th Cir. June 23, 2008).

With respect to the plaintiff's fifth cause of action, the defendant argues that the plaintiff has not exhausted his administrative remedies as to the Title VII portion of this cause of action. The

---

[5] The Court notes that nowhere in the defendant's supporting memorandum does the defendant specifically raise the arguments of claim or issue preclusion or provide any supporting legal authority for its position.

defendant's Rule 12(b)(1) motion is lacking for the reason addressed <u>supra</u> because failure to administratively exhaust cannot support such a motion.[6]

B. The Defendant's Rule 12(b)(6) Arguments

The defendant argues that the plaintiff's sixth and seventh causes of action as set out in the Second Amended Complaint fail to allege enough specificity to state claims upon which relief can be granted. The defendant previously argued that the plaintiff's original Complaint was subject to dismissal for failure to state a claim but the Court rejected this argument finding that the plaintiff had adequately pled his claims. <u>See</u> Order entered April 11, 2011 (Docket Entry No. 25), and Report and Recommendation entered March 14, 2011 (Docket Entry No. 22). The factual allegations made in the plaintiff's Second Amended Complaint essentially mirror those made in his original Complaint, and there is no reason to revisit the issue.

C. Section 1981 Claims

In addition to his Title VII and ADEA claims, the plaintiff asserts claims under Section 1981 for each of his seven causes of action. Although the viability of the Section 1981 claims was not an issue raised by the defendant, it is nonetheless clear that these claims warrant dismissal because they are not legally viable, and their dismissal from the action at this early stage would narrow and clarify the issues which will remain before the Court.

---

[6] However, the Court notes that although the plaintiff in his response in opposition states that he properly exhausted his ADEA claim, he does not specifically dispute the defendant's contention that he did not exhaust his Title VII claim. <u>See</u> Docket Entry No. 29, at 4-5.

Claims for discrimination in federal employment cannot be brought against a federal defendant under Section 1981 because Title VII provides the exclusive remedy for such claims. See Brown v. General Servs. Admin., 425 U.S. 820, 821-23, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); Briggs v. Potter, 463 F.3d 507, 517 (6th Cir. 2006); Delaney v. Potter, 2006 WL 2469380 (M.D. Tenn. Aug. 24, 2006) (Trauger, J.). Accordingly, the plaintiff does not have cognizable claims under Section 1981. To this extent, any Section 1981 claims he has brought in this action should be dismissed for failure to state a claim upon which relief can be granted.[7]

D. Motion to Amend (Docket Entry No. 32)

The plaintiff seeks leave to amend his complaint to add a new claim based on his recent failure to be hired by the defendant for a position posted in Job Announcement #320-11-354-RU-519751 and to add five individual defendants in their official capacities. The defendant responds by asserting that the motion should be denied because the plaintiff has not exhausted his administrative remedies for a Title VII claim. See Docket Entry No. 33. The plaintiff filed a reply in which he contends that exhaustion arguments do not apply because his "new Charges are filed under section 1981 and section 1983 of Title 42." See Docket Entry No. 35, at 5.

Because the plaintiff has previously amended his pleadings, his motion to amend is governed by Rule 15(a) (2) of the Federal Rules of Civil Procedure, which provides that leave to amend

---

[7] Section 1915(e)(2)(B) specifically authorizes the Court to dismiss an action filed in forma pauperis "at any time" if the Court finds grounds for dismissal under that section. Nonetheless, this Report and Recommendation and the fourteen day period for objections to be filed by the plaintiff, satisfies the procedural requirements for a sua sponte grant of dismissal for failure to state a claim. See Morrison v. Tomano, 755 F.2d 515, 516-17 (6th Cir. 1984). See also Yashon v. Gregory, 737 F.2d 547, 552 (6th Cir. 1984).

should be freely given when justice so requires. However, the Sixth Circuit has held that amendments should be denied if such amendments would be futile and would not withstand a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Kottmyer v. Maas, 436 F.3d 684, 692 (6th Cir. 2006); Miller v. Calhoun Cnty., 408 F.3d 803, 817 (6th Cir. 2005); Thiokol Corp. v. Department of Treasury, 987 F.2d 376 (6th Cir. 1993); Marx v. Centran Corp., 747 F.2d 1536, 1550 (6th Cir. 1984); Development Corp. v. Advisory Council on Historic Preservation, 632 F.2d 21, 23 (6th Cir. 1980). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In addition, the Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

  The motion for leave to amend should be denied because the proposed amended complaint would be futile and would not survive a motion to dismiss brought pursuant to Rule 12(b)(6). As the Court has set out supra at Section C, the plaintiff cannot assert viable claims under Section 1981 based on allegations of federal employment discrimination. Furthermore, the plaintiff cannot maintain a claim under 42 U.S.C. § 1983 because a cognizable claim under Section 1983 requires the plaintiff to allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by one acting under color of state law. See Flagg Bros. v. Brooks, 436 U.S. 149, 155-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); Brotherton

9

v. Cleveland, 923 F.2d 477, 479 (6th Cir.1991). The defendant is a federal agency and, therefore, it acts under color of federal law not state law. Likewise, any possible claim against the individual defendants under Section 1983 arises out of their actions as employees of the federal agency and thus are also under color of federal law. The federal government and its officials are simply not subject to suit under 42 U.S.C. § 1983. See Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 931 (6th Cir.1987); Broadway v. Block, 694 F.2d 979, 981 (5th Cir.1982).

**R E C O M M E N D A T I O N**

For the reasons set out herein, the Court respectfully RECOMMENDS that the defendant's motion to partial dismissal (Docket Entry No. 26) be DENIED and that the defendant be ordered to file an answer to the plaintiff's Second Amended Complaint.[8]

The Court further RECOMMENDS that:

1) the plaintiff's claims brought under Section 1981 be DISMISSED from the action; and

2) the plaintiff's motion for leave to amend (Docket Entry No. 32) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District

---

[8] If this Report and Recommendation is accepted, it should be without prejudice to the defendant's filing of a properly supported motion for summary judgment, raising any affirmative defenses of failure to exhaust. The recommendation that the plaintiff's claims should not be dismissed for failure to exhaust is made in the context of the defendant's motion to dismiss for lack of jurisdiction and does not preclude addressing any failure to exhaust in the context of a motion for summary judgment.

Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge