# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| STEPHEN A. DOWNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:10-cv-00661 |
| v. ) | Judge Aleta A. Trauger |
| ) | Magistrate Judge Griffin |
| ERIC K. SHINSEKI, SECRETARY, ) | |
| DEPARTMENT OF VETERANS AFFAIRS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Pending before the court is the Magistrate Judge's February 21, 2012 Report and Recommendation (Docket No. 38) ("R&R"), which recommends that the defendant's Partial Motion to Dismiss (Docket No. 26) be denied and the plaintiff's Motion for Leave to Amend (Docket No. 32) be denied. The defendant timely filed Objections to the R&R (Docket No. 41), to which the plaintiff filed a "Rebuttal" (Docket No. 42), which the court construes as a Reply to the Defendant's Objections. For the reasons stated herein, the objections will be sustained in part and overruled in part, the R&R will be accepted in part and rejected in part, and the defendant will be allowed to raise arguments concerning administrative exhaustion at a later stage in these proceedings.

## BACKGROUND

The plaintiff, Stephen A. Downs, is a disabled veteran who believes that, over a period of several years, the Department of Veterans Affairs ("Department") has repeatedly and unlawfully denied his job applications to work at the Department. Downs has filed two lawsuits concerning this conduct: (1) *Downs v. Sec'y of Veteran Affairs, et al.*, No. 3:08-cv-01045 (filed Oct. 14,

1

2008) (Haynes, J.) ("*Downs I*"), which was ultimately dismissed without prejudice; and (2) the instant lawsuit ("*Downs II*"), which was filed after *Downs I* was dismissed.

**I.      *Downs I*__

In *Downs I*, Downs alleged that the Secretary of Veteran Affairs, certain state and federal agency heads (in their official capacities), and certain individual federal employees had schemed against Downs to deny him positions at the Department by, *inter alia*, falsifying records, circumventing required hiring procedures for disabled veterans, and falsely accusing him of having a criminal conviction.  (*See Downs I* Docket No. 1.)[1]  Downs asserted claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Rehabilitation Act of 1973, and the Civil Service Reform Act.  Although not stated in the *Downs I* Complaint, a review of the administrative record filed in *Downs I* reflects that the *Downs I* claims concerned a job vacancy announcement designated as "2008-05-NV." (*See Downs I* Docket No. 28, Ex. 3 at p. 7 (¶ 13).)

In the initial stages of *Downs I*, the defendants produced evidence demonstrating that Downs had not exhausted administrative remedies concerning his grievances with the Department's decision not to hire him for job posting 2008-05-NV, including (1) administrative records and decisions/orders relating to Downs' appeal, which were attached to the defendants' Memorandum of Law (*Downs I* Docket No. 28, Exs. 1 (administrative appeal), 2 (administrative appeal), and 3 (October 6, 2008 Opinion and Order of U.S. Merit Systems Protection Board ("MSPB")); and (2) the Declaration of Michael Fulton, an EEO Counselor within the

---

[1]References to the *Downs I* docket will be cited as "*Downs I* Docket No. [X]." References to the docket for the instant lawsuit (*Downs II*) will be cited as "Docket No. [X]."

Department who had handled Downs' initial administrative grievance (*Downs I* Docket No. 29). The Fulton Declaration attached additional administrative records concerning Downs. (*Id.*, Exs. A and B.)

According to the Fulton Declaration, Downs reported his grievance concerning the job posting on January 7, 2008, alleging that the Department discriminated against him "on the basis of Disability, Reprisal, and Age." (Fulton Decl. ¶ 2.) On February 6, 2008, Fulton closed the informal counseling and issued to Downs a Notice of Right to File a Discrimination Complaint, which stated that Downs had 15 days from receipt in which to file a formal complaint. (*Id.* ¶ 5.) Downs did not do so and, therefore, his case was administratively closed. (*Id.*) According to the administrative records, Downs instead filed related appeals to the MSPB, in which he collectively alleged violations of his rights under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") and the Veterans Employment Opportunities Act of 1998 ("VEOA"), as well as claims for age and disability discrimination and retaliation. (*Downs I* Docket No. 28, Exs. 1-3.) In an October 6, 2008 Opinion and Order, the MSPB determined that it lacked jurisdiction over the discrimination claims,[2] that it lacked jurisdiction over the USERRA claims because of the nature in which Downs had been discharged from military service, and that Downs was not entitled to relief under the VEOA as a matter of law.

Following the MSPB determination, Downs filed the *Downs I* lawsuit in this court, which concerned the same job posting at issue in the MSPB order. This court determined that the Federal Circuit Court of Appeals had exclusive jurisdiction over Downs' claims, because they

---

[2]The MSPB found that the discrimination claims did not provide an independent basis for MSPB jurisdiction over those claims. (*Downs I* Docket No. 28, Ex. 3 at p. 9, n.4.)

3

involved review of a final MSPB determination that did not address the related discrimination claims on the merits. *Downs v. Shinseki*, No. 3:08-cv-1045, 2009 WL 1833980 (M.D. Tenn. June 23, 2009). This court also noted, in a single sentence at the end of its opinion, that Downs had failed to exhaust his administrative remedies within the Department before filing the action. *Id.* at *3. The court dismissed the action without prejudice. After Downs appealed this court's order, the Sixth Circuit affirmed the decision, agreeing that the Federal Circuit had exclusive jurisdiction over Downs' claims. (*Downs I* Docket Entry No. 49, Information Copy of Sixth Circuit Order in *Downs v. Sec'y of Veteran Affairs, et al.*, No. 09-5915 (6th Cir. Apr. 28, 2010).) The Sixth Circuit did not address the exhaustion issue, which this court had addressed only in *dicta*. Accordingly, the *Downs I* Complaint was dismissed without prejudice.

## II.     *Downs II*

In this lawsuit, Downs asserts seven causes of action, which collectively assert claims under 42 U.S.C. § 1981, the ADEA, and Title VII. (Docket No. 24 ("Second Am. Compl.").)[3]

---

[3]Downs filed an initial Complaint (Docket No. 1) and, before effectuating service on the defendant, an Amended Complaint. (Docket No. 9.) The defendant moved to dismiss the Amended Complaint, which the Magistrate Judge recommended should be granted in part and denied in part. (Docket No. 22.) After the defendant objected to that report and recommendation but before the court could rule on those objections, Downs filed a Second Amended Complaint, which, *inter alia*, added references to specific job postings as to several Counts. Shortly after Downs filed the Second Amended Complaint, the court accepted the pending report and recommendation concerning the defendant's motion to dismiss and stated that the Second Amended Complaint would be the operative pleading in this case. (Docket No. 25.)

As noted in the R&R at issue here, in the Second Amended Complaint Downs purports to assert independent claims under the Civil Rights Act of 1991. That Act amended both Title VII and § 1981. Because Downs does not actually distinguish his Civil Rights Act claims from his Title VII and § 1981 claims, the court has construed any reference in the Second Amended Complaint to the Civil Rights of 1991 as merely clarifying that Downs is relying on § 1981 and Title VII as amended by that Act. (*See* R&R at p. 3, n.3.)

4

The court will refer to these causes of action, each of which purports to assert claims under multiple statutes, as Counts I through VII. Several Counts concern the Department's failure to hire Downs for particular job vacancy postings, one of which is the same "2008-05-NV" posting that was the subject of the *Downs I* lawsuit. (*See* Second Am. Compl. at pp. 5-6 (Count I).)

The defendant filed a Partial Motion to Dismiss (Docket No. 26) with a supporting Memorandum (Docket No. 27), which seeks dismissal of Counts I, II, and V for lack of subject matter jurisdiction pursuant to Fed. R. Civ. 12(b)(1) and/or preclusion, and which seeks dismissal of Counts VI and VII for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[4] Downs filed a "Motion to Dismiss Defendant Partial Motion to Dismiss and Request for the Court to Set by Order a Scheduling Order" (Docket No. 28) with a supporting Memorandum (Docket No. 29), which the Magistrate Judge appropriately construed as a collective Response to the Partial Motion for Summary Judgment. (R&R at p. 1, n.1.)

While the Partial Motion to Dismiss was pending, Downs filed a "Motion for Leave to Amend Complaint to Add Charges of Discrimination and Retaliation, and Continuing Violation Theory in Job Announcement #320-11-354-RU-519751, With Memorandum in Support" (Docket No. 32). In the Motion for Leave to Amend, Downs seeks leave to amend the Second Amended Complaint to assert claims under § 1981, § 1983, the ADEA, and the Rehabilitation Act of 1973 against five federal employees who "acted under color of law" in allegedly conspiring to deny him a position as a Legal Administrative Specialist pursuant to a recent job

---

[4]The defendant's arguments to the Magistrate Judge concerning the preclusive effect of *Downs I*, whether as to administrative exhaustion or otherwise, were vague. (*See* Docket No. 27 at pp. 6-7; R&R at p. 6, n.5.) In the Defendant's Objections to the R&R, the defendant has, to a degree, clarified its position by identifying evidence in the *Downs I* record demonstrating that Downs failed to exhaust his administrative remedies as to at least one Count (re)asserted here.

5

announcement. The defendant filed a Response to the Motion to Amend (Docket No. 33), stating that the plaintiff had failed to exhaust his administrative remedies with respect to the proposed claims.

## III. The R&R

As to the Partial Motion for Summary Judgment (relating to Second Amended Complaint Counts I, II, V, VI, and VII), the Magistrate Judge has recommended as follows:

1. All claims asserted under § 1981 in the Second Amended Complaint are not cognizable because Title VII provides an exclusive remedy for claims of discrimination in federal employment.[5]

2. The Title VII and ADEA claims in Counts I and II should not be dismissed because: (1) the defendant did not demonstrate that *Downs I* actually encompassed the claims asserted in Count II; (2) the defendant did not show that the disposition of *Downs I* had any preclusive effect on the issue of administrative remedies; (3) the defendant did not produce any evidence demonstrating a lack of administrative exhaustion; and (4) exhaustion is not a jurisdictional prerequisite to filing suit and, therefore does not support a motion for dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

3. The Title VII claim in Count V should not be dismissed because failure to exhaust administrative remedies does not support a Rule 12(b)(1) motion.

4. The claims in Counts VI and VII should not be dismissed for failure to state a claim because they are essentially identical to claims in the original Complaint that the court previously found to be viable.

With respect to the Motion to Amend, the Magistrate Judge concluded that the proposed claims are futile because the § 1981 claims are not cognizable and because Downs had

---

[5]Although the defendant did not raise the viability of the § 1981 claims as an issue, the Magistrate Judge identified this issue *sua sponte* and has recommended that dismissal is proper pursuant to 28 U.S.C. § 1915(e)(2)(B), which states that, with respect to proceedings *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." (R&R at p. 8, n.7.) Even so, Downs has had an opportunity to respond to this aspect of the R&R but has declined to do so.

6

not alleged any constitutional violation as required to support a § 1983 claim.[6]

Neither party has asserted objections to the R&R as it relates to the Motion for Leave to Amend. However, the government has objected to the R&R as it relates to Counts I, II, VI, and VII.[7] First, the government objects that Counts I and II should be dismissed for (a) failure to exhaust administrative remedies and/or (b) because *Downs I* precludes consideration of those claims here. Second, the government argues that Counts VI and VII should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## **STANDARD OF REVIEW**

---

[6]The R&R does not directly address the proposed ADEA and Rehabilitation Act claims. Regardless, those claims are not viable. First, aside from a preamble seeking relief under the Rehabilitation Act, Downs did not articulate a claim under that Act in his proposed pleading. As to the ADEA claim, the defendant filed a Response to the Motion for Leave to Amend (Docket No. 33), with a supporting Declaration of Kathy Lee (Docket No. 34), which establishes that Downs did not exhaust his administrative remedies with respect to the proposed claims. In his Reply concerning the Motion for Leave to Amend (Docket No. 35), Downs does not dispute that he failed to utilize the administrative process before seeking to add grievances concerning that particular job posting to this lawsuit. Instead, he asserts (incorrectly) that the proposed claims are not subject to administrative exhaustion because they should be construed as arising under §§ 1981 and 1983 only, notwithstanding the explicit allegations of age discrimination in the proposed amendments. (*See, e.g.*, Motion for Leave to Amend ¶ 8 (alleging that the Department intentionally hired "applicants that [w]ere junior to plaintiff in age . . . .") At any rate, Downs has not objected to the Magistrate Judge's finding that Downs' proposed claims are not cognizable under §§ 1981 or 1983.

[7]With respect to the Title VII claim in Count V, the Magistrate Judge determined that the defendant's motion should be denied because the exhaustion issue is not jurisdictional and, therefore, does not support a Rule 12(b)(1) motion. The Magistrate Judge could have considered the defendant's arguments in this regard under a Rule 12(b)(6) standard, but did not. *See McKnight v. Gates*, 282 Fed. App'x 394, 397 n.1 (6th Cir. 2008). Nevertheless, the defendant has not objected to this aspect of the R&R. As with the other claims that will survive the Partial Motion to Dismiss, the defendant may move for summary judgment on the Title VII claim in Count V at a later stage.

7

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). However, issues are not waived if the magistrate judge fails to warn the party of the potential waiver. *See Mattox v. City of Forest Park*, 183 F.3d 515, 519-20 (6th Cir. 1999).

## ANALYSIS

### I. Motion for Leave to Amend

In the R&R, the Magistrate Judge recommends that the Motion for Leave to Amend be denied as futile. The parties have not filed any timely objections to this aspect of the R&R. Therefore, as concerns the Motion for Leave to Amend, the R&R will be accepted and made the findings and fact and conclusions of law of this court.

### II. Partial Motion to Dismiss

#### A. Aspects of the R&R to Which No Objections Have Been Filed

The parties have not asserted any timely objections to the following recommendations in the R&R relating to the Partial Motion to Dismiss: (1) Downs' claims under § 1981 are not cognizable and should be dismissed; and (2) the Title VII claim in Count V is not subject to dismissal at this stage under Rule 12(b)(1). Accordingly, these aspects of the R&R will be made the findings of fact and conclusions

of law of this court.

### B. Objections Concerning Counts I and II

In its Objections to the R&R, the defendant argues that Counts I and II were both the subject of *Downs I* and that, pursuant to the Fulton Declaration, both counts should be dismissed for failure to exhaust administrative remedies. Count I asserts that Downs was subjected to discrimination and retaliation with respect to job posting 2008-05-NV. (Second Am. Compl. at pp. 5-6.) Count II asserts that VA officials "unlawfully segregated and blacklisted" Downs by dissuading agency employees from speaking with him between January 2008 and April 2008. (*Id.* at pp. 6-7.)

As an initial matter, even though the government's argument is not properly asserted as a Rule 12(b)(1) motion, the court may convert the motion and consider it under the Rule 12(b)(6) standard. *See McKnight v. Gates*, 282 Fed. App'x at 397 n.1. The court exercises that discretion here.

Based on a review of the administrative record, it appears that *Downs I* in fact included Downs' allegations of discrimination concerning job posting 2008-05-NV, which is the same job posting at issue in Count I of the Second Amended Complaint. However, the same cannot be said of Count II. Downs sought a formal counseling in January 7, 2008 concerning the VA's decision not to hire him for the referenced position. Downs also filed two related administrative appeals on this issue to the MSPB in February 2008. Thus, Downs' initial utilization of the administrative process largely preceded the time period from January 2008 to April 2008 that forms the basis of Count II, which suggests that Count II was not the subject of *Downs I* or the administrative

process that preceded it. Moreover, the government has not identified any aspect of the administrative record indicating that the "blacklisting" allegations were at issue in the earlier administrative process or *Downs I*. Therefore, the court agrees with the Magistrate Judge that the defendant has not demonstrated overlap between *Downs I* and Count II. (R&R at p. 5.)

Having determined that *Downs I* encompasses only Count I of the Second Amended Complaint, the court must consider whether any aspect of the *Downs I* record precludes or is otherwise dispositive of the exhaustion question. As an initial matter, the defendant does not object to the Magistrate Judge's proper finding that the Sixth Circuit disposition of *Downs I* has no preclusive effect on the exhaustion issue.[8] However, the defendant asserts that the Magistrate Judge failed to consider evidence in the *Downs I* record when deciding the exhaustion issue here. As described herein, the *Downs I* docket contains evidence demonstrating that, at least as of March 3, 2009 (over a year after he had submitted his initial grievance to the EEOC), Downs had not exhausted his administrative remedies with respect to that posting. Here, in his Response to the Defendant's Objections, Downs does not dispute that, consistent with the record in *Downs I*, he did not file a formal complaint of discrimination before bringing the Count I claims.

In light of these facts, the court will consider the undisputed Fulton Declaration and administrative records in analyzing exhaustion as to Count I. Having considered these materials,

---

[8]Although not raised by the defendant, it appears that Downs' claims concerning job posting 2008-05-NV are, in any case, subject to the exclusive jurisdiction of the Federal Circuit Court of Appeals.

the court finds that Count I must be dismissed for failure to exhaust administrative remedies.[9]

The court also finds that, pursuant to the Sixth Circuit decision in the *Downs I* appeal, the Federal Circuit Court of Appeals has exclusive jurisdiction over the Count I claims, in any case.

As to Count II, at this stage it is not entirely clear whether the plaintiff exhausted his administrative remedies with respect to those allegations,[10] nor has the government established that the Count II allegations are part and parcel of the claims subject to the MSPB Opinion and Order, such that the Federal Circuit would have exclusive jurisdiction over Count II as well. Although Count II will remain in the case, the defendant is without prejudice to moving for summary judgment on Count II on the basis of administrative exhaustion and/or jurisdictional grounds at a later stage in these proceedings, if warranted.[11]

### C. Objections Concerning Counts VI and VII

The defendant contends that, contrary to the findings in the R&R, Counts VI and VII fail to state a claim. The defendant argues that Count VI of the original Complaint included a reference to a specific job posting, which Downs allegedly removed from Count VI in the

---

[9]Count I also purports to assert claims under § 1981 and the Civil Rights Act of 1991. As noted herein, Downs' § 1981 claims are not cognizable and the court does not construe Downs as asserting an independent claim under the Civil Rights of Act of 1991. Thus, in ruling that the ADEA and Title VII claims must be dismissed, the court thereby disposes of the only cognizable claims asserted in Count I.

[10]Downs pleads that, as a general matter, he "received a notice of right to file a civil action in a United States District Court within ninety (90) days from the day he received such notice and plaintiff has received that notice via certified mail on 05-21-2010, and a decision on Plaintiffs [sic] second formal complaint was on 07-09-2010 via certified mail." (Second Am. Compl. at p. 3.) However, Downs does not identify which of his claims here were subject to that notice, which is not part of the record before the court.

[11]Should the defendant seek to move on these grounds, the defendant must provide clarity concerning the *Downs I* record, the supporting administrative record, and their specific applicability to the Count II allegations.

Second Amended Complaint. The defendant does not identify any aspect of Count VII that allegedly is different from that asserted in the original Complaint.

Count VII in the Second Amended Complaint appears to be identical to Count VII in the original Complaint, which the court previously found was pleaded adequately. (*See* Docket Nos. 22 and 25.) There is no basis for the court to reconsider its previous ruling.

As to Count VI in the Second Amended Complaint, the defendant is correct that Downs originally pleaded grievances with respect to a specific job posting in Count VI – vacancy announcement 2010-174B-NV – then appears to have removed that allegation from Count VI in the Second Amended Complaint, which has been substantially amended. The amended Count VI states that "Defendants unlawfully and intentionally worked in concert against the Plaintiff in that several agency employs [sic] had their hands directly in the Hiring process each time plaintiff attempted to become gainfully employed With the agency and these agency employs created a hostile hiring Environment that directly affected the plaintiffs right to be free from discrimination and reprisal." (Second Am. Compl. at p. 9.) The allegations in Count VI are substantially similar to those asserted at Count V in the original Complaint, which the court previously found to be pleaded adequately. (*See* Docket Nos. 22 and 25.) Although the amended Count VI is not a model of clarity, given its substantial similarity to allegations in the original Complaint that were found to be viable and the plaintiff's *pro se* status, the court agrees with the Magistrate Judge that the amended Count VI allegations should not be dismissed. Therefore, the defendant's objections concerning Counts VI and VII will be overruled.

The court reiterates that the Second Amended Complaint is the operative pleading. Accordingly, the plaintiff's allegations concerning job posting 2010-174B-NV, which are not

included in the Second Amended Complaint, are no longer part of this case.

## **CONCLUSION**

For the reasons expressed herein, the defendant's objections to the R&R are **SUSTAINED IN PART** and **OVERRULED IN PART**. Therefore, the Magistrate Judge's R&R is **ACCEPTED IN PART** and **REJECTED IN PART**.

The plaintiff's Motion for Leave to Amend (Docket No. 32) is **DENIED.**

The defendant's Motion to Dismiss the Second Amended Complaint (Docket No. 26) is **GRANTED IN PART** and **DENIED IN PART**. Count I of the Second Amended Complaint is hereby **DISMISSED WITHOUT PREJUDICE**. All claims asserted under § 1981 are hereby **DISMISSED WITH PREJUDICE.** No other challenged claims will be dismissed at this stage.

This ruling is made without prejudice to the defendant's filing a properly supported Motion for Summary Judgment at the appropriate time that includes the affirmative defense of failure to exhaust administrative remedies as to the remaining claims. The defendant is hereby **ORDERED** to file an answer to the Second Amended Complaint within thirty (30) days of entry of this order.

This case shall be returned to the Magistrate Judge for further handling under the original referral order.

It is so **ORDERED**.

Enter this 21th day of March, 2012.

_____
ALETA A. TRAUGER
United States District Judge