IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STEPHEN A. DOWNS, SR.           )
                                )
    v.                          )   NO. 3:10-0661
                                )
ERIC K. SHINSEKI, Secretary,    )
Department of Veterans Affairs  )

**O R D E R**

Presently pending before the Court is the plaintiff's motion (Docket Entry No. 54) to compel discovery from the Defendant.[1] The Defendant has responded in opposition to the motion, see Docket Entry No. 56, and the plaintiff has filed a reply. See Docket Entry No. 58.

By his motion to compel, the plaintiff asserts that he served timely interrogatories, requests for admissions, and requests for production of documents upon the Defendant and upon employees of the Defendant but the Defendant has not provided responses to the discovery requests that were directed to the employees. In response, the Defendant states that the plaintiff served a first set of requests for admission, a first set of interrogatories, and a first set of requests for production of documents upon the Defendant. The Defendant asserts that responses to the interrogatories and requests for admission were mailed to the plaintiff on August 27, 2012, and that responses to the requests for documents will be mailed to the plaintiff upon entry of a protective order.

The Defendant also states that the plaintiff served upon the Defendant 21 sets of requests for admission and sets of interrogatories that are directed to various employees of the Department of

---

[1] The motion itself is captioned "motion to overrule defendant objection to plaintiff first set of interrogatories, request for admission, and request for production of documents and plaintiffs request for a discovery hearing," which the Court deems to be a motion to compel pursuant to Rule 37(a) of the Federal Rules of Civil Procedure.

Veterans Affairs who are not parties to this action. The Defendant objects to providing responses to these discovery requests because they are improperly directed at non-parties. The plaintiff replies that the individuals to whom he directed his discovery requests are employees of the Department of Veterans Affairs and were "active players" in the claims he has brought against the Defendant. He argues that they should be viewed as essentially one and the same as the named defendant in the action and should be compelled to provide discovery responses. See Docket Entry No. 58.

The plaintiff's motion to compel and for a discovery hearing[2] (Docket Entry No. 54) is DENIED. Individual employees of the Department of Veterans Affairs do not become parties to an action merely because the Department of Veterans Affairs, through its Secretary, is named as the defendant. In accordance with Rules 33 and 36 of the Federal Rules of Civil Procedure, written interrogatories and requests for admission may be served only upon parties to an action. See Rule 33(a)(1) ("[A] party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."); Rule 36(a)(1) ("A party may serve on any other party a written request to admit[.]"). Accordingly, counsel for the Defendant properly objected to responding to the 21 discovery requests that were directed at non-party individuals even though those individuals are employees of the Department of Veterans Affairs.[3]

The Defendant has also filed a motion (Docket Entry No. 55) for entry of a Privacy Protective Order pertaining to documents responsive to the plaintiff's request for production of documents upon

---

[2] Although the caption of the motion includes a request for a hearing, the plaintiff did not specifically address that request in the body of the motion and there does not appear to be any reason to schedule a hearing.

[3] In his reply, the plaintiff takes issue with the sufficiency of the Defendant's responses to the plaintiff's discovery requests. See Docket Entry No. 58, at 3. However, his motion to compel is clearly limited to only the discovery requests directed at the non-party employees and not to the responses from the Defendant, and the Court has viewed it as such.

the Defendant. The plaintiff has responded in opposition. See Docket Entry No. 59. The motion is GRANTED. By separate order, the Court has entered the Defendant's proposed protective order (Docket Entry No. 55-1). Within seven (7) days of the entry of the Protective Order, the Defendant shall serve upon the plaintiff documents responsive to the plaintiff's request for production of documents.

The proposed protective order merely requires that, if the documents received by the plaintiff in response to his request for the production of documents contain personal information regarding individuals other than the plaintiff, he shall keep such information confidential and disclose it only pursuant to the terms of the protective order. Contrary to the plaintiff's belief, the protective order does not relieve the Defendant from its obligation to provide responses to the plaintiff's request for production of documents, limit those responses, or allow counsel for the Defendant to provide only selected documents. See Docket Entry No. 57, at 2.

The Defendant has also filed a motion (filed September 19, 2012; Docket Entry No. 59) for an extension of the scheduling order deadlines, to which the plaintiff has responded in opposition. See Docket Entry No. 60.

The motion is DENIED to the extent that the Defendant seeks an extension of discovery deadlines. Initially, the motion itself is untimely as to the request for extensions of any deadlines related to discovery. The amended deadline for the completion of discovery and the filing of any discovery motions, as set out in the Order entered June 26, 2012 (Docket Entry No. 53), was August 31, 2012. Any motion seeking to extend discovery deadlines should have been filed prior to August 31, 2012.

Additionally, the Defendant's arguments for extensions of the deadline for the completion of written discovery, the deadline for taking the plaintiff's deposition, and the deadline for the filing of discovery motions are unpersuasive. The Defendant asserts that, on May 11, 2012, he served interrogatories, documents requests, and requests for admission upon the plaintiff, and that, although the plaintiff responded to the requests for admission on June 13, 2012, the plaintiff has not responded to the interrogatories or document requests as of September 19, 2012. The Defendant asserts that a letter was mailed to the plaintiff on August 23, 2012, in a good faith effort to obtain the plaintiff's outstanding discovery responses.

The plaintiff's discovery responses were due 30 days after they were served upon him on May 11, 2012. At the point that the plaintiff's responses became untimely, the Defendant had over two months during which time measures could have been taken to obtain the responses from the plaintiff, but the Defendant has offered no explanation for why the first attempt to informally obtain the responses was not made until August 23, 2012, only eight days before the discovery deadline, or why a timely motion to compel was not filed. The Defendant has also not offered any reply to the plaintiff's assertion that, prior to the expiration of the 30 day response period, he contacted a paralegal in the office of the Defendant's counsel in order to obtain new copies of the discovery requests, which had become damaged while in the plaintiff's possession, but that no new copies were ever sent to him. See Docket Entry No. 60, at 2-3. Furthermore, the Defendant has offered no explanation for why he has not yet taken the plaintiff's deposition, or even any indication that the completion of plaintiff's deposition was even contemplated by the August 31, 2012, deadline for the completion of discovery. Although the initial Scheduling Order in this action was not entered until April 20, 2012 (Docket Entry No. 44), process was ordered to issue in this in forma pauperis action

4

by Order entered December 6, 2010 (Docket Entry No. 12), and a stay of discovery was not entered while the Defendant's two motions to dismiss (Docket Entry Nos. 18 and 26) were pending. There has been more than ample time for the Defendant to have noticed and taken the plaintiff's deposition.

To the extent that the Defendant seeks an extension of the deadline to file dispositive motions, the motion is GRANTED in part. The deadline for the filing of any dispositive motions is extended to November 9, 2012. No persuasive reason has been offered to extend this deadline any further.

As a final matter, on September 28, 2012, the plaintiff filed a notice (Docket Entry No. 61) in which he appears to seek to withdraw his demand for a jury trial in this action. Pursuant to Rule 38(d) of the Federal Rules of Civil Procedure, a party cannot unilaterally withdraw his demand for a jury trial and a jury demand may be withdrawn only if the parties consent. Because the request made by the plaintiff was not made a request consented to by both parties, this case shall continue to proceed as a jury trial action.

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

So ORDERED.

JULIET GRIFFIN
United States Magistrate Judge