IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEPHEN A. DOWNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Civil Case No.: 3:10-cv-0661 |
| ) | JUDGE TRAUGER |
| ERIC K. SHINSEKI, SECRETARY, ) | MAGISTRATE JUDGE GRIFFIN |
| DEPARTMENT OF VETERANS ) | |
| AFFAIRS. ) | |
| ) | |
| Defendant. ) | |

## PRIVACY PROTECTIVE ORDER

For the purpose of protecting the privacy of the United States Department of Veterans Affairs employees and applicants against the unreasonable and unprotected disclosure of information pertaining to them and in accordance with the provisions and objectives of the Privacy Act of 1974, 5 U.S.C. § 552a (1976), it is hereby **ORDERED** pursuant to 5 U.S.C. § 552a(b)(11) and Rule 26(c) of the Federal Rules of Civil Procedure:

1. This Order applies to, governs, and directs the disclosure in the course of this action, under the Federal Rules of Civil Procedure, of all records which are either covered by the Privacy Act or otherwise contain personal information regarding individuals other than Plaintiff and which are encompassed by the Federal Rules requiring disclosure or are reasonably necessary or useful to respond to the Plaintiff's formal discovery. However, this Order neither addresses nor overrules any objections to discovery made pursuant to the Federal Rules of Civil Procedure on any basis other than personal privacy. This Order permits Defendant to meet its disclosure and discovery obligations by disclosing to Plaintiff or Plaintiff's attorneys those files and documents, or information from those

files and documents, reasonably calculated to fulfill those obligations without requiring Defendant to pre-screen each document for Privacy Act objections and present those objections to this Court for a decision regarding disclosure.

2. The records or the information obtained from those records shall be disclosed by Defendant only to Plaintiff and/or his attorney. Plaintiff and/or his attorney shall be allowed to copy any such records but shall not disclose them or any information obtained from them to any person unless such disclosure is reasonably calculated in good faith to aid the preparation or prosecution of litigation against Defendant. Plaintiff and/or his attorney shall ensure that any person to whom disclosure may be made shall, prior to such disclosure, be informed of the terms of this Order. Any person to whom such disclosure is made and who is aware of this Order shall be bound by the terms of this Order.

3. No person to whom a record covered by this Order is disclosed by Plaintiff or Plaintiff's attorney shall make a copy of the record unless copying reasonably promotes the preparation for and trial of this litigation. Neither Plaintiff, his attorney, nor any individual to whom they make disclosure shall disclose a record covered under this Order and information contained in or derived from such a record except for the purposes of preparing for and prosecuting this litigation.

4. Upon conclusion of this action (including appeals), all records or copies of records (except copies of documents accepted into evidence) secured from the Defendant or its agents and protected by the terms of this Order shall within a reasonable period either be returned to Defendant or destroyed by Plaintiff.

5. Nothing in this Order constitutes any decision by the Court concerning discovery disputes, the admission into evidence of any specific document, or liability for payment of any costs

2

Case 3:10-cv-00661   Document 63   Filed 10/25/12   Page 2 of 3 PageID #: 269

of production or reproduction, nor does the Order constitute a waiver by Defendant of his or his right to object to the discovery of or admission into evidence of any record or information subject to this Order. By consenting to this Order, neither party waives any of its positions respecting either the facts or the law applicable to this litigation.

    ENTERED this 25th day of October, 2012.

                                       /s/ Juliet Griffin
                                       JULIET GRIFFIN
                                       UNITED STATES MAGISTRATE JUDGE