IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STEPHEN A. DOWNS, SR.                )
                                     )
        v.                           )        NO. 3:10-0661
                                     )
ERIC K. SHINSEKI, Secretary,         )
Department of Veterans Affairs       )

TO:  Honorable Aleta A. Trauger, District Judge


# R E P O R T   A N D   R E C O M E N D A T I O N


By Order entered July 12, 2010 (Docket Entry No. 3), this case was referred to the Magistrate

Judge for a frivolity review under 28 U.S.C. § 1915(e)(2)(B) and for case management, decision on

all pretrial, nondispositive motions and report and recommendation on all dispositive motions under

28 U.S.C. § 636(b).

Presently pending before the Court is the defendant's motion for summary judgment and

accompanying filings (Docket Entry Nos. 72-76), to which the plaintiff has filed a response in

opposition (Docket Entry Nos. 78-81 and 83-87).  Also pending before the Court are the parties other

filings related to the motion for summary judgment.  See Docket Entry Nos. 88-92.[1]  Set out below

is the Court's recommendation for disposition of the motion for summary judgment.

---

[1] By contemporaneously entered Order, the Court has addressed the Defendant's motion to
accept its statement of undisputed facts (Docket Entry Nos. 88) and the plaintiff's motion to ascertain
status (Docket Entry No. 93).

# I. BACKGROUND

The plaintiff, who is a Tennessee resident and a disabled veteran, has sued Eric K. Shinseki, the Secretary of the Department of Veterans Affairs ("VA"). He contends that he has been wrongfully denied employment with the VA on multiple occasions when he applied for posted vacancies within the VA over the past several years. He also alleges that he has been "blacklisted" or singled out in an effort to keep him from being employed at the VA because of his complaints about the purported discrimination.. The plaintiff's displeasure with the manner of his treatment by the VA led to his filing of two federal lawsuits in this District.

In the first lawsuit, filed on October 14, 2008, the plaintiff alleged that he was treated unlawfully with respect to a job vacancy announcement for a Legal Administration Specialist Position designated as Vacancy Announcement 2008-05-NV. See Downs v. Secretary of Veteran Affairs, et al., No. 3:08-1045 (Haynes, J.) ("Downs I"). On June 23, 2009, the plaintiff's claims in Downs I were dismissed without prejudice after the Court found that the Federal Circuit Court of Appeals has exclusive jurisdiction over the action because the plaintiff had pursued an administrative appeal to the Merits Systems Protection Board ("MSPB"), which denied his appeal on the merits. See Downs I, Docket Entry Nos. 37-38; Downs v. Shinseki, 2009 WL 1833980 (M.D. Tenn. June 23, 2009). The Sixth Circuit Court of Appeals affirmed the decision on April 28, 2010, agreeing that the Federal Circuit has exclusive jurisdiction over the plaintiff's claims in that action. See Downs I, Docket Entry No. 49.

The plaintiff then filed the instant action, Downs II, on July 9, 2010, seeking 1.2 million dollars in damages based on allegations that he encountered further acts of unlawful employment discrimination in his continuing attempts to obtain employment with the VA. As a result of pretrial

proceedings, the plaintiff's pleadings were clarified in a Second Amended Complaint (Docket Entry No. 24), which the Court has deemed to be the operative pleading in the instant action, see Docket Entry No. 25, at 2, and his claims were narrowed to claims brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. ("ADEA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII").[2]

The specific causes of action set out in the Second Amended Complaint that remain in the action are:

a.   Count II - the plaintiff was "blacklisted" during the period of January 30, 2008, through at least April 1, 2008, because VA employees were instructed to not speak with him about employment but to forward his calls to a number that was "not attended to;"

b.   Count III - the plaintiff was not fairly considered for a File Clerk position posted in Vacancy Announcement 2009-120-NV because he was "screened out" and younger and less qualified applicants were hired for the positions;

c.   Count IV - the plaintiff was discriminated against and retaliated against by not being hired for a Program Support Specialist position posted in Vacancy Announcement 2009-397-NV and younger and less qualified applicants were hired for the positions, as well as applicants who were not in the plaintiff's protected status of being a "30% or more service connected disabled veteran;"

d.   Count V - the plaintiff was discriminated against and retaliated against by not being hired for a Veteran Service Representative position posted in Vacancy Announcement 2010-292A-NV and younger and less qualified applicants

_____

[2] By Order entered April 11, 2011 (Docket Entry No. 25), the Court adopted the Report and Recommendation entered March 14, 2011 (Docket Entry No. 22), and denied the Defendants' motion to dismiss (Docket Entry No. 18) in part and granted it in part, and dismissed all claims under the Americans with Disabilities Act.

By Order entered March 21, 2012 (Docket Entry No. 43), the Court adopted in part and rejected in part the Report and Recommendation entered February 21, 2012 (Docket Entry No. 38), and dismissed all claims under 42 U.S.C. § 1981 and all claims related to Vacancy Announcement 2008-05-NV ("Count I"), and also found that the plaintiff's pleadings did not set forth claims under either the Rehabilitation Act of 1973 or the Civil Rights Act of 1991.

were hired for the positions, as well as applicants who were not in the plaintiff's protected status of being a "30% or more service connected disabled veteran;"

e.     Count VI - a discriminatory and retaliatory conspiracy existed within the VA to prevent the plaintiff from being employed by the VA; and

f.     Count VII - the plaintiff has been subjected to a "continuing violation" of discrimination and retaliation as evidenced by the factual allegations supporting his other claims.

See Second Amended Complaint (Docket Entry No. 24), at 5-10.


## II.  THE MOTION FOR SUMMARY JUDGMENT

The Defendant argues that summary judgment is warranted because, even if the plaintiff shows a prima facie case of age discrimination or retaliation, the Defendant had legitimate, non-discriminatory reasons for its decisions to not offer the plaintiff employment and for the other challenged conduct and the plaintiff cannot prove that these reasons were a pretext for unlawful age discrimination or retaliation.  The Defendant supports its motion with the Declarations of Kathy Lee, the former EEO Program Manager and Human Resources Specialist at the VA Nashville Regional Office (Docket Entry No. 75), and Travis Kraft, the current Assistant Director of the VA Nashville Regional Office (Docket Entry No. 76), as well as with documents from the plaintiff's VA employment file and from the EEO record.  See Docket Entry Nos. 73-1 to 73-10.

Specifically, the Defendant contends that the plaintiff's military record contains an "other than honorable discharge" from service, which was the reason that he was not interviewed for the positions posted in Vacancy Announcement 2009-120-NV ("the File Clerk Position") and Vacancy Announcement 2009-397-NV ("the Program Support Specialist Position").  With respect to the

position posted in Vacancy Announcement 2010-292A-NV ("the Service Representative Position"), the plaintiff was granted an interview but was not selected because he did not score above the cut-off point for the available vacancies after interview scores were tabulated. The Defendant further asserts that it has shown a lack of pretext for age discrimination because, for each of the posted announcements, some of the applicants selected for the positions were over 40 years of age.

With respect to the plaintiff's retaliation claims, the Defendant disputes that any actions were taken to retaliate against the plaintiff because of his prior EEO activities. The Defendant contends that, in the same manner that the plaintiff cannot show that the reasons given for not offering the plaintiff employment were a pretext for age discrimination, he cannot show that the reasons were a pretext for retaliation. To the extent that the plaintiff complains about being singled out or blacklisted at the VA, the Defendant admits that a directive was issued that the plaintiff's telephone calls to the Nashville Regional Officer were to be routed to a sole contact person. However, the Defendant asserts that this was done merely to address the plaintiff's continued and persistent telephone calls to random employees and not as a means to retaliate against him.[3]

_____

[3] The Defendant also contends under the Statement of Fact section of its Supporting Memorandum entitled "Count II," see Docket Entry No. 73, at 2, that the plaintiff failed to exhaust his administrative remedies as to Vacancy Announcement 2008-05-NV and refers to the Court's Memorandum and Order entered March 21, 2012 (Docket Entry No. 43), at 11. If the Defendant intends to make this contention in support of its argument for summary judgment on Count II, the argument is misplaced. First, all claims regarding Vacancy Announcement 2008-05-NV were contained in Count I and have already been dismissed by the Court. See Docket Entry No. 43, at 9 and 13. Second, while the Court in its prior Memorandum and Order found that the claims in Count I had not been exhausted, the Court specifically found that it was not clear whether the allegations in Count II had been exhausted and declined to dismiss Count II based on grounds that the plaintiff had failed to exhaust. See Docket Entry No. 43, at 11. Other than making a cursory reference to the Court's prior Memorandum and Order, the Defendant provides no support for an argument that Count II has not been exhausted.

5

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

## IV. ANALYSIS

Given the facts and posture of this action, some initial observations are appropriate prior to analysis of the specific claims made by the plaintiff.

First, the Court recognizes that the plaintiff is proceeding pro se and has granted him a certain measure of liberality in both the presentation of his case and the construction of his filings because it is apparent from review of the record that he has made good faith and affirmative efforts to litigate his claims and to substantively respond to the Defendant's motion for summary judgment. The Court believes this approach to be appropriate in the context of this pro se litigation. See Boag v. MacDougall, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); Haines v. Kerner, 404 U.S. 519,

520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991).  The Court's preference is to resolve plaintiff's claims on the merits rather than on technical arguments related to his filings.  As a result, the Court has, by contemporaneous order, denied the Defendant's motion (Docket Entry No. 88) that its Statement of Undisputed Facts be deemed admitted or accepted by the plaintiff because of deficiencies in the plaintiff's response to the Statement, and the Court has reviewed the entire record in this action in addressing the pending motion for summary judgment.

Nonetheless, pro se plaintiffs are not automatically entitled to take every case to trial, and the lenient treatment generally accorded to pro se litigants has limits.  See Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996); Jourdan, supra.  It is not the Court's duty to find facts or make arguments that support the plaintiff's case, see United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991), and it is the plaintiff's responsibility to "identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." Amini v. Oberlin Coll., 440 F.3d 350, 357 (6th Cir. 2006).  Conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment.  See Lujan, supra; Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989).

Second, plaintiff's claims in this action involve allegations of age discrimination and retaliation for protected EEO activity.  Although the plaintiff repeatedly refers to his status as a service connected disabled veteran throughout his filings, the claims at issue in this action do not involve whether that status entitles him to any preference for employment with the Defendant and/or whether the Defendant properly considered his status.

Finally, the federal civil rights laws do "not guarantee a utopian workplace, or even a pleasant one," Vore v. Indiana Bell Tel. Co., Inc., 32 F.3d 1161, 1162 (7th Cir. 1994), and are not intended to redress general dissatisfaction with an employer. See White v. Burlington N. & Santa Fe Ry. Co., 364 F.3d 789, 795 (6th Cir. 2004), aff'd Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006); Barnett v. Department of Veterans Affairs, 153 F.3d 338, 342-43 (6th Cir. 1998), cert. denied, 525 U.S. 1106, 119 S.Ct. 875, 142 L.Ed.2d 775 (1999). In the absence of evidence of age discrimination or a retaliatory animus, the plaintiff's complaints about perceived unfairness, rudeness or hostility by VA employees, a lack of assistance from VA employees, and bureaucratic red tape do not support his claims. Similarly, allegations that the Defendant's employment application process is multi-layered, confusing, or convoluted are not issues for the Court's concern. See Schoonmaker v. Spartan Graphics Leasing, LLC, 595 F.3d 261, 269-70 (6th Cir. 2010). It is not within the purview of the Court to generally review the correctness of employment and management practices or decisions made by a defendant. See Smith v. Leggett Wire Co., 220 F.3d 752, 763 (6th Cir. 2000). See also Manzer v. Diamond Shamrock Chems. Co., 29 F.3d 1078, 1084-85 (6th Cir. 1994). The soundness of an employer's decision is not a matter of concern as long as the employer has not made a decision based on grounds forbidden by federal law. See Minor v. Centocor, Inc., 457 F.3d 632, 634 (7th Cir. 2006).

The Court now turns to the specific claims made by the plaintiff and the Defendant's arguments for summary judgment.

## A. Title VII Claims

Although the plaintiff repeatedly refers to Title VII as one of the statutory bases for his claims, see Second Amended Complaint, he does not make any actual allegations of discrimination on account of race, color, religion, sex, or national origin nor does the evidence before the Court support a claim of discrimination under Title VII. To the extent that the plaintiff intends for his retaliation claims to be based upon Title VII anti-reprisal provision, the evidence before the Court shows that the EEO activity underlying his retaliation claims involved allegations of age discrimination rather than unlawful activity under Title VII. As such, the anti-reprisal provision of the ADEA provides the proper statutory basis for any retaliation claims. Accordingly, given the lack of any evidence pertaining to a claim under Title VII, summary judgment is warranted in favor of the Defendant on the plaintiff's Title VII claims.

## B. Count VII

In Count VII of his Second Amended Complaint, the plaintiff alleges a claim that he has been subjected to a "continuing violation theory of discrimination and retaliation." See Docket Entry No. 24, at 10. This claim warrants dismissal because it does not actually state a claim for relief. The theory of a continuing violation is a legal theory that can be raised to rebut an argument that purported unlawful acts are beyond the scope of the applicable statute of limitations and cannot be heard by the Court. See Taylor v. Donahoe, 452 Fed.Appx. 614, 619 (6th Cir. Dec. 15, 2011). No such argument has been raised by the Defendant. Each of the plaintiff's discrete allegations of unlawful conduct have been set out in the other counts of his Second Amended Complaint and are

analyzed _infra_. The plaintiff's assertion of a continuing violation is misplaced to the extent that he attempts to pursue it as a separate cause of action.

C. Age Discrimination Claims

The ADEA prohibits federal agencies from "any discrimination based on age." 29 U.S.C. § 633a(a). The plaintiff contends that he was not hired for the three positions for which he applied because of age discrimination.[4] A plaintiff who brings a claim that he was treated disparately because of his age must ultimately show that his "age was the 'but for' cause of the employer's adverse action." Gross v. FBL Fin. Servs. Inc., 557 U.S. 167, 177, 129 S.Ct. 2343, 2351, 174 L.Ed.2d 119 (2009); Blizzard v. Marion Technical College, 698 F.3d 275, 283 (6th Cir. 2013); Harris v. Metropolitan Gov't of Nashville and Davidson Cnty., Tenn., 594 F.3d 476, 485 (6th Cir. 2010). This can be established by either direct or circumstantial evidence. Geiger v. Tower Auto., 579 F.3d 614, 620 (6th Cir. 2009); Kline v. Tennessee Valley Auth., 128 F.3d 337, 348 (6th Cir. 1997).

Direct evidence is "evidence that proves the existence of a fact without requiring any inferences." Rowan v. Lockheed Martin Energy Sys., Inc., 360 F.3d 544, 548 (6th Cir.2004). See also Amini, 440 F.3d at 359. For example, an actual statement by an employer "proclaiming his or her ... animus" constitutes direct evidence of discrimination. Smith v. Chrysler Corp., 155 F.3d 799, 805 (6th Cir. 1998) (quoting Robinson v. Runyon, 149 F.3d 507, 512–14 (6th Cir. 1998)). Although

---

[4] Although each Job Vacancy Announcement was for a single job position, each announcement had multiple openings in that position: for the File Clerk Position, five people were selected for employment; for the Program Support Specialist Position, six people were selected for employment; for the Service Representative Position, 32 people were selected for employment. See Declaration of Lee, at ¶¶ 4-6.

the plaintiff argues that he has direct evidence supporting his claims, see Docket Entry No. 80, at 6-8, the evidence he offers does not constitute direct evidence showing that his own age was considered by the Defendant in the decision-making process or that age was considered by the Defendant in the decision-making process in a manner that evidences an animus against age.

In the absence of direct evidence, the Court applies the burden-shifting analysis set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1972), for Title VII claims based on circumstantial evidence. Geiger, 579 F.3d at 622; Rowan, 360 F.3d at 547; Burzynski v. Cohen, 264 F.3d 611, 621-22 (6th Cir. 2001). Although in Gross the Supreme Court expressly declined to decide whether the McDonnell Douglas test applies to the ADEA, the Sixth Circuit has held that the McDonnell Douglas framework applies to ADEA claims based on circumstantial evidence. Spengler v. Worthington Cyclinders, 615 F.3d 481, 491-92 (6th Cir. 2010); Geiger, 579 F.3d at 622. Under this analysis, the plaintiff must initially show: (1) that he was at least forty years old at the time of the alleged discrimination; (2) that he suffered an adverse employment action by not being selected for the position at issue; (3) that he was qualified for the position at issue; and (4) that the successful applicant was under forty years of age or that the plaintiff was treated differently from similarly situated applicants under forty years of age. Geiger, supra; Martin v. Toledo Cardiology Consultants, Inc., 548 F.3d 405, 410 (6th Cir. 2008); Blackwell v. Sun Elec. Corp., 696 F.2d 1176, 1180 (6th Cir. 1983).

The Defendant does not contest the plaintiff's ability to show a prima facie case. Accordingly, the burden shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for its decisions to not hire the plaintiff. Schoonmaker, 595 F.3d at 264; Kline, 128 F.3d at 342.

With respect to the File Clerk Position and the Program Support Specialist Position, the Defendant sets forth evidence that, during the pre-interview screening process, the plaintiff's applications were flagged because his military record reflected that he had left military service with a discharge that was other than honorable and this was the reason he was not interviewed for either position. See Declaration of Kraft (Docket Entry No. 76), at ¶ 2; Declaration of Lee (Docket Entry No. 75), at ¶ 4-5; Notice of Refusal to Mediate, dated April 10, 2009 (Docket Entry No. 87), at 37; and Docket Entry No. 73-6.[5] With respect to the Service Representative Position, the Defendant sets forth evidence that the plaintiff was not hired because his totaled interview[6] scores ranked him 34th out of 108 applicants, which was not above the cut off ranking to be selected for the vacancies for that position. See Declaration of Kraft, at ¶ 3; Declaration of Lee, at ¶ 6. These proffered reasons are both legitimate and non-discriminatory and are sufficient to satisfy the Defendant's burden.

Because the Defendant has met its burden of setting forth legitimate, non-discriminatory reasons for its decisions, the burden shifts to the plaintiff to show that these reasons were pretext for age discrimination with respect to each job position. Mickey v. Zeidler Tool & Die Co., 516 F.3d 516, 521 (6th Cir. 2008); Danielson v. City of Lorain, 938 F.2d 681, 683 (6th Cir. 1991). In order

---

[5] Neither party has clearly explained the plaintiff's historical record of military service. However, it appears that the plaintiff began inactive service on July 19, 1978, and then was in active service from August 18 - December 14, 1978, at which time he was given an honorable discharge. See Docket Entry No. 73-10, at 6. He then appears to have remained on inactive service status until October 13, 1980, id. at 8-9, and to have entered active service on November 25, 1980. Id. He remained on active service status until September 15, 1981, when he was discharged "under other than honorable conditions," and with the reason for separation as "administrative discharge conduct triable by court-martial." Id. at 9.

[6] It is undisputed that the plaintiff was permitted to bypass the screening process and be interviewed for the Service Representative Position as a result of the mediation of his previous EEO complaint. See Declaration of Kraft, at ¶ 3.

to show pretext, the plaintiff must produce sufficient evidence from which the jury may reasonably reject the employer's explanation. Manzer, 29 F.3d at 1083. The plaintiff may do this by showing that the Defendant's reason (1) had no basis in fact, (2) did not actually motivate Defendant's hiring decisions, or (3) was insufficient to warrant the decision not to hire the plaintiff. See Schoonmaker, supra; Allen, 545 F.3d at 396; Manzer, 29 F.3d at 1084; Best v. Blount Mem'l Hosp., 195 F.Supp.2d 1034, 1042 (E.D. Tenn. 2001). Importantly, the plaintiff always retains the ultimate burden of showing that he would have been hired 'but for' his age. Gross, supra; Harris, supra.

After review of the evidence that has been presented to the Court, the plaintiff simply fails to set forth sufficient evidence upon which a reasonable jury could find that the Defendant's explanations for why the plaintiff was not hired for the File Clerk and Program Support Specialist position were a pretext for age discrimination. It is undisputed that the plaintiff had an "other than honorable" discharge in his military record that was reflected in his applications for the two positions. See Docket Entry Nos 73-1, at 1; 73-5, at 7; and 73-8, at 3 and 7. Therefore, he cannot show that the Defendant's asserted reason was factually false and had no basis in fact.

Furthermore, the plaintiff's evidence falls short of providing any basis upon which a reasonable jury could find that this reason was either not sufficient to warrant or did not actually motivate the Defendant's decision not to grant him an interview for these two job positions. The Defendant has set forth evidence that it has a long standing policy of not offering employment to applicants with military service records that contain a discharge that is other than honorable or contain indications of other dishonorable conduct. See Declaration of Kraft at ¶ 2; Affidavit of Kraft, dated September 2, 2009 (Docket Entry No. 87), at 29-30; Declaration of Lee at ¶ 3; Affidavit of Lee, dated August 26, 2009 (Docket Entry No. 87), at 10-11 and 21-22; and Affidavit of Brian

14

Corley, the Director of the Nashville Regional Office, dated September 2, 2009 (Docket Entry No. 73-7), at 5-7. Although this policy does not appear to have been memorialized in a formal written policy, the evidence is overwhelming that it existed and was used in practice. The Defendant's testimonial evidence is buttressed by a 2001 email from William Robbins, instructing VA employees to screen out employment applications that showed the applicants had notorious or objectionable conduct while in the military or had certain re-enlistment codes indicating that the applicants were not suitable for re-enlistment. See Docket Entry No. 75-2. The Defendant has also offered evidence that this screening criteria was used to disqualify one other applicant from being interviewed for the Program Support Specialist Position. See Declaration of Kraft, at ¶ 2.

The plaintiff has not presented evidence that plausibly casts doubt upon the Defendant's assertion that this policy was the reason the plaintiff was not interviewed for the File Clerk and Program Support Specialist positions. There is no evidence suggesting that the policy was not actually applied to his two applications or that there was a reason why the policy should not apply. Although the plaintiff asserts that Kathy Lee sent an email on December 14, 2007, indicating that any veteran that has an "OTH [other than honorable] in their second period of service with an honorable one in their first period of service must be given veteran preference in jobs with the department based on the honorable period of service," see Docket Entry No. 80, at 5, the plaintiff has not presented this e-mail or any type of actual evidence relating to it in support of his assertion.

There is also no evidence before the Court that the Defendant's policy of denying interviews because of the presence of an other-than-honorable discharge was ignored with respect to other applicants or was applied only to the plaintiff. The plaintiff has not presented any evidence that similarly situated applicants who had other-than-honorable military discharges were nonetheless

given interviews or were selected for employment at the VA.[7]  The policy is itself objectively non-discriminatory, and the use of such a policy for screening purposes is certainly a matter within the discretion of the Defendant as the employer.  As has often been repeated, "it is inappropriate for the judiciary to substitute its judgment for that of management."  Smith v. Leggett Wire Co., 220 F.3d 752, 763 (6th Cir.2000).  See also Henrick v. Western Reserve Care Syst., 355 F.3d 444, 452 (6th Cir. 2004) (collecting cases).  There is simply no evidence before the Court which tends to prove that the illegal motivation of age discrimination, not the screening criteria related to prior military service, was the reason for the decisions not to interview the plaintiff for these two positions.  See Henrick, 355 F.3d at 460; Chen v. Dow Chem. Co., 580 F.3d 394, 400 n.4 (6th Cir. 2009) ("the question is always whether the employer made up its stated reason to conceal intentional discrimination.").

With respect to the Service Representative Position, the issue of pretext is not so clearly in favor of the Defendant, but the plaintiff has nonetheless failed to offer sufficient evidence in support of his claim to raise genuine issues of material fact that must be resolved by a jury.  It is undisputed that the position was originally for 20 vacancies but that 32 applicants were ultimately selected because additional vacancies occurred after the original vacancy announcement and that the Defendant used a list of the ranked interview scores, called a VSR Matrix, to rank the applicants for

---

[7] The Court is not persuaded by the plaintiff's argument that pretext can be shown because he was actually interviewed despite having a record of an other than honorable discharge.  See Docket Entry No. 83, at ¶ 21.  To the extent that the plaintiff is referring to the Service Representative Position for which he was interviewed, it is undisputed that his interview was granted as part of the mediation of his prior EEO complaint.  See Docket Entry No. 83, at ¶ 45.  To the extent that the plaintiff is referring to Job Vacancy Announcement 2008-05-NV that was at issue in Downs I, the evidence before the Court shows that the plaintiff had not supplied the DD-214 form regarding this discharge to the Defendant.  See Affidavit of Lee, dated August 26, 2009 (Docket Entry No. 87), at 14-15.

the position. See Docket Entry No. 75-1. The first 32 applicants with the highest ranking scores were made offers of employment for the positions, and the interview score of the last applicant selected was a 40. The plaintiff did not rank in the top 32 applicants, but was ranked 34th, having received an interview score of 39. See Declaration of Kraft, at ¶ 4, and Declaration of Lee, at ¶ 6 and Docket Entry No. 75-1. Any argument made by the plaintiff that the interview scoring process was not used to make the initial selections or that his interview score was contrived or not accurate is unsupported by any evidence and is based upon pure conjecture. Indeed, the plaintiff has not offered any evidence that supports an assertion that he should have been scored higher than any of the 33 applicants ranked above him. A plaintiff's subjective belief of discrimination is simply insufficient to establish a claim for trial. See Adair v. Charter Cnty. of Wayne, 452 F.3d 482, 491 (6th Cir. 2006) (citing Mitchell v. Toledo Hosp., 964 F.2d 577, 584-585 (6th Cir. 1992)).

However, the undisputed evidence also shows that six of the 32 vacancies were not filled because the selected individuals declined or the offers were withdrawn. See Docket Entry No. 75-1. Neither party has explained how these six vacancies were filled. In its motion for summary judgment, the Defendant has not addressed how these six vacancies were filled and why the next six applicants on the VSR Matrix with the highest interview scores, which included the plaintiff, were not offered employment. Nonetheless, there is evidence in the record in the form of testimony given by Travis Kraft in the EEO proceedings that there were several different announcements out at the

same time and that he backfilled the six vacancies with candidates that were listed in certificates[8] of eligible applicants for the different announcements. <u>See</u> Docket Entry No. 87, at 48.

The plaintiff quite understandably points to the process described by Mr. Kraft as evidence of pretext and argues that backfilling the six vacancies in this manner evidences an unusual or questionable practice from which pretext can be inferred. Unfortunately, this argument is based on speculation and not upon evidence in the record. The plaintiff has not presented any evidence that backfilling vacancies in this manner is an irregular or unusual practice. He has also not offered evidence of the identity of the six individuals who were selected to backfill the vacancies, on what job certificates they were listed, or whether those job certificates were for Vacancy Announcements for positions different from the Service Representative Position. He has also not shown evidence of the VSR scores for those six individuals, that they had lower VSR scores than he did, or that any of the six individuals were actually ranked lower than he was on the VSR Matrix for the Service Representative Position posted in Vacancy Announcement 2010-292A-NV. In the absence of such evidence, it is pure speculation to conclude that the Defendant's explanation is unworthy of credence and instead suggests a discriminatory animus. It is the plaintiff's burden to support his arguments of pretext with an evidentiary basis. This action has been in litigation for over three years and the plaintiff has had ample time to develop his case.

---

[8] As Kathy Lee attested in her Declaration, the Human Resources Center in Jackson, Mississippi, processes all human relations work for the defendant, including the initial processing of job applications. <u>See</u> Docket Entry No. 75, at ¶ 3. If job applicants meet the minimum qualifications for a posted position, the Human Resources Center includes the applicants on a certificate of eligible candidates that is forwarded to the local VA office. <u>Id</u>.

The remainder of the plaintiff's arguments regarding pretext on these claims simply do not raise genuine issues of material fact. As addressed supra at 9, his general complaints about the VA's business and hiring practices are not evidence of age discrimination or pretext.

Finally, the Court notes that the undisputed evidence shows that, for each of the three positions at issue, some of the applicants selected for employment were over forty years of age and, thus, in the protected category. Specifically, three applicants over the age of 40 years were selected for the File Clerk Position, five applicants over the age of 40 years were selected for the Program Support Specialist Position, and 18 applicants over the age of 40 years were selected for the Service Representative Position. See Declaration of Lee (Docket Entry No. 75), at ¶¶ 4-6.[9] While the Court does not agree with the Defendant's argument that such evidence "demonstrates Plaintiff's age could not have been a factor in the selection," see Defendant's Memorandum (Docket Entry No. 73), at 14, the Sixth Circuit has held in the context of an ADEA case involving a reduction in force that evidence that some employees in the protected class were not terminated from the same position as the plaintiff held weighs against an inference of age discrimination for the purposes of pretext analysis. See Lefevers v. GAF Fiberglass Corp., 667 F.3d 721, 726 (6th Cir. 2012). Even though the instant action does not involve terminations or a reduction in force, the Court finds Lefevers to be instructive and applicable to the instant case given that the instant case involves positions encompassing several vacancies that were filled with applicants from both outside and within the

---

[9] Although the plaintiff disputes for the purposes of ruling on the summary judgment motion that three applicants for the File Clerk Position and 18 applicants for the Service Representative Position were hired who were over the age of 40 years, see Plaintiff's Response to Statement of Undisputed Facts (Docket Entry No. 83), at ¶¶ 11 and 53, he does not offer any actual evidentiary support for his disputes and has not shown that these were not in fact the actual numbers of the successful applicants for these positions who were over 40 years of age. Accordingly, the plaintiff has not created a genuine issue of material fact on this issue.

protected class. In such a situation, evidence that the Defendant hired numerous individuals who were themselves in the protected class, especially in the absence of persuasive evidence tending to show pretext, weighs heavily against a finding that the plaintiff was the victim of intentional age discrimination.

C. Retaliation Claims

In addition to alleging that he was not hired because of age discrimination, the plaintiff alleges that he suffered reprisals and retaliation at the hands of the Defendant because of his prior EEO complaints. Although it is not clearly stated in the Second Amended Complaint and has not been clearly explained by either party in their filings, it appears that the plaintiff initiated an informal EEO complaint in January 2008 related to Vacancy Announcement 2008-05-NV, although he never filed a formal administrative complaint. See Downs I, Docket Entry No. 37, at 2. Additionally, he appears to have filed complaints of discrimination during 2009, after not being selected for the File Clerk Position and the Program Support Specialist Position. See Docket Entry Nos. 81-3, and 87, at 2 and 36.

The language of 29 U.S.C. § 633a(a) prohibits retaliation against an individual who has complained about age discrimination. Gomez-Perez v. Potter, 553 U.S. 474, 491, 128 S.Ct. 1931, 170 L.Ed.2d 887 (2008). As is the case with a disparate treatment claim, the plaintiff may show retaliation through either direct or circumstantial evidence. Imwalle v. Reliance Med. Prods., Inc., 515 F.3d 531, 543 (6th Cir. 2008); Abbott v. Crown Motor Co., 348 F.3d 537, 542 (6th Cir. 2003).

Like his ADEA failure to hire claims, the plaintiff has not presented any direct evidence supporting a retaliation claim. Thus, he must establish his retaliation claim through circumstantial

evidence. Retaliation claims based on circumstantial evidence are examined under the same McDonnell Douglas burden-shifting framework employed to assess disparate treatment claims. Spengler, 615 F.3d at 491; Fox v. Eagle Distrib. Co., Inc., 510 F.3d 587, 591 (6th Cir. 2007). The plaintiff bears the initial burden of demonstrating a prima facie case by showing that: (1) he engaged in protected activity; (2) the Defendant knew about his exercise of the protected activity; (3) the Defendant thereafter took an adverse employment action against him; and (4) there was a causal connection between the protected activity and the adverse employment action. Spengler, 615 F.3d at 491–92. If the plaintiff is able to make out a prima facie case, the burden of production shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for [its action]." Id. at 492 (internal quotation marks and citations omitted). If the defendant is able to do so, the burden shifts back to the plaintiff to show that the defendant's "proffered reason was not the true reason for the employment decision." Id. (internal quotation marks and citations omitted).

Initially, the Court finds that, other than the three instances when he was not hired for employment, the plaintiff's complaints of retaliation contained in Counts II and VI simply do not constitute actionable events because they do not involve any adverse action taken against him. In the context of retaliation claims, an adverse employment action is defined as one that "could well dissuade a reasonable [person] from making or supporting a charge of discrimination" Burlington N. & Santa Fe Ry. Co., 548 U.S. at 57; Mitchell v. Caterpillar Financial Serv. Corp, 496 F.3d 584, 595-96 (6th Cir. 2007). The plaintiff's allegations fall short of satisfying this standard. His complaints essentially amount to personal objections to the manner in which the VA operates regarding employment and hiring decisions. For example, he objects to his telephone calls being routed to a single individual, to his telephone calls being unanswered, to rudeness from VA

employees, and to certain individuals who were the subject of his prior EEO complaints remaining involved in the hiring process. However, the plaintiff is not entitled to dictate the manner of business operations by the Defendant merely because he has pursued EEO charges against the Defendant. None of the events about which he complains are so objectively serious that they would dissuade a reasonable person from making a charge of discrimination about unlawful conduct, and they thus do not constitute adverse actions. Furthermore, the plaintiff fails to offer any evidence establishing a casual connection between any of these events and the initiation of his protected activity.

With respect to the three job positions for which the plaintiff was an unsuccessful applicant, the Court finds that the plaintiff's retaliation claims fail for the same reasons as his age discrimination claims fail. He is simply unable to set forth sufficient evidence on the issue of pretext upon which a reasonable jury could find in his favor. The fact that the decision makers for the positions knew about the plaintiff's EEO activity or worked closely with each other in making hiring decisions does not render their actions retaliatory merely because those actions were not favorable to the plaintiff. Nor do his complaints about the convoluted nature of the Defendant's hiring process support his claim. See Schoonmaker, supra.

The plaintiff also points to comments made by Travis Kraft as evidence showing a retaliatory animus against him. In the EEO proceedings, Kraft was asked a hypothetical question of whether the plaintiff would have been hired for the Service Representative Position if he had scored in the top 10% of the applicants. Kraft's answer was:

> The thing with Mr. Downs, and this didn't end up being a factor in this particular instance, he just didn't rank high enough, but I do know from prior history that he has

a non-honorable discharge from the military, so I can't say that we would hire him
if he was in the top 10 percent.

See Docket Entry No. 87, at 49. This answer is simply not the smoking gun that the plaintiff wishes it to be. First, it was an answer to a hypothetical question. Second, by that answer, Mr. Kraft merely acknowledged the significant hiring obstacle the plaintiff faced at the VA because of the undisputed fact that his military service record contained an other than honorable discharge. No reasonable jury could rely on this statement by Kraft as evidence of pretext.

The plaintiff also points to the comments, e-mails, and actions of Alan Foster, a staff attorney for the VA Office of Regional Counsel, as evidence of a hostile animus toward him at the VA. Mr. Foster was an attorney who was involved in defending the plaintiff's administrative complaints against the VA about his not being hired. See Docket Entry No. 85-1 and Docket Entry No. 79, at 8. This "evidence" is even less favorable in terms of proving pretext for the three hiring decisions. First, the bulk of the plaintiff's contentions regarding Foster are not supported by actual evidence that is in the record but are merely unsubstantiated accusations. Second, while Foster was certainly in contact with Kathy Lee, Travis Kraft, and other officials at the VA and was clearly involved in defending the plaintiff's complaints, there is no evidence that he was a decision maker for any of the three position at issue. Third, the purported comments were made during the EEO proceedings and were not related to the hiring decisions for the three positions. Again, no reasonable jury could rely on these comments as evidence of pretext on the part of the Defendant in the decisions not to hire the plaintiff.

Finally, the plaintiff has pointed to factual discrepancies or inconsistencies between evidence submitted by the Defendant and evidence generated in the EEO proceedings and between various

23

evidence generated in the EEO proceedings.  See Plaintiffs Response to Statement of Undisputed Facts (Docket Entry No. 83).  After review, the Court finds that the matters raised by the plaintiff, while relevant, are not particularly probative of the ultimate issues in this action.  In light of the significant absence of supporting evidence for the plaintiff's claims as has been discussed supra, the discrepancies and inconsistencies raised by the plaintiff do not rise to the level of genuine issues of material fact that must be resolved by the jury.

## R E C O M M E N D A T I O N

For the reasons set out herein, the Court respectfully RECOMMENDS that the Defendant's motion for summary judgment (Docket Entry No. 72) be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made.  Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


JULIET  GRIFFIN
United States Magistrate Judge

24