UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEPHEN A. DOWNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:10-cv-00661 |
| v. ) | Judge Aleta A. Trauger |
| ) | Magistrate Judge Griffin |
| ERIC K. SHINSEKI, SECRETARY, ) | |
| DEPARTMENT OF VETERANS AFFAIRS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Pending before the court is the Magistrate Judge's August 14, 2013 Report and Recommendation (Docket No. 95) ("R&R"), which recommends that the defendant's Motion for Summary Judgment be granted and that the plaintiff's case be dismissed with prejudice. The plaintiff, Stephen Downs, proceeding *pro se*, timely filed Objections to the R&R (Docket No. 96), to which the defendant filed a Response (Docket No. 97), and Downs filed a Reply (Docket No. 98).

Downs is a disabled veteran who maintains six causes of action against the Department of Veterans Affairs ("VA").[1] Broadly, he accuses the VA of (1) discriminating against him on the basis of age by refusing to hire him for certain posted VA employment vacancies; and/or (2) retaliating against him for complaining about the VA's allegedly discriminatory conduct.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and

---

[1] In two previous Orders, the court dismissed several other claims by Downs. (Docket Nos. 25 and 43.)

1

recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). However, issues are not waived if the magistrate judge fails to warn the party of the potential waiver. *See Mattox v. City of Forest Park*, 183 F.3d 515, 519-20 (6th Cir. 1999).

Here, Downs has asserted several objections, only some of which are sufficiently specific to warrant further analysis.

First, based on his personal inability to access the documents through PACER, Downs argues that the Magistrate Judge may have failed to review the documents filed by Downs at Docket No. 87. Whatever personal difficulties Downs may have had in opening the documents, the document is in fact electronically accessible by the court, and it is clear from the R&R that the Magistrate Judge considered the referenced documents in reaching a decision.[2]

Second, Downs argues that the court improperly dismissed Count I of his Complaint. However, the court dismissed Count I from this case in a Memorandum and Order over a year ago. (*See* Docket No. 43, Mar. 31, 2012 Memorandum & Order). Thus, Count I was not the subject of the pending R&R, and Downs accordingly is foreclosed from re-arguing the merits of the court's earlier decision here.

Third, Downs objects to the dismissal of his claim that he was "blacklisted" by the VA,

---

[2]The court notes that many of the referenced pages contain documents were filed elsewhere in the record, including Kathy Lee's sworn statements to an EEO Investigator. (*Compare* Docket No. 87 at pp. 4-24, *with* Docket No. 91, Ex. 1.)

2

which the Magistrate Judge construed as a retaliation claim. However, this objection does not specify what aspect of the R&R Downs believes was erroneous. The court finds that this objection is not sufficiently specific and, therefore, is waived.

Fourth, Downs objects that the Magistrate Judge improperly made credibility determinations in the R&R. Downs does not identify any particular aspects of the R&R that allegedly reflect credibility determinations. The court finds that this objection is not sufficiently specific and, therefore, is waived.

Fifth, Downs objects to the Magistrate Judge's recommendation that Downs' claims of discrimination and/or retaliation with respect to the File Clerk position (Vacancy Announcement 2009-120-NV – Count III) be dismissed. Although the basis for this objection is not entirely clear, Downs appears to argue that the jury should have had the opportunity to determine whether his "other than honorable discharge" (in September 1981) provided a valid basis for his termination, in light of his earlier "honorable discharge" (in December 1978).[3] According to unrebutted evidence in the record, the VA has a general internal policy that it will not employ applicants with military service records that contain a discharge that is other than honorable or that contains indications of other dishonorable conduct. Although Downs subjectively believes that his earlier honorable discharge should trump the later "other than honorable" discharge," he has not provided sufficient evidence to create a genuine dispute of material fact as to whether the VA's legitimate, non-discriminatory reason for terminating him (the existence of the other-than-

---

[3]As set forth in the R&R, Downs served in the military through December 14, 1978, when he received an honorable discharge. He re-entered active service on November 25, 1980. On September 15, 1981, he was discharged "under other than honorable conditions," due to "administrative discharge conduct triable by court-martial."

honorable discharge on his record) was a pretext for age discrimination and/or retaliation for engaging in protected activity. The Magistrate Judge's analysis of this issue is persuasive and is expressly adopted herein.[4]

Sixth, Downs objects to the dismissal of his claims relative to the Program Support Specialist Position (Vacancy Announcement 2009-397-NV – Count IV) for "the same" reasons as Count III. As best the court can discern, Downs argues that the VA "continued" to retaliate against him with respect to unspecified protected conduct. Downs does not identify the grounds on which the Magistrate Judge allegedly erred with respect to this claim, nor does he cite to any legal authority, record evidence, or specific facts concerning this theory of liability. The court finds that this objection is not sufficiently specific and, therefore, is waived.

Seventh, Downs objects to the Magistrate Judge's recommendation that his claims related to the Service Representative Position (Vacancy Announcement 2010-292A-NV– Count V) be dismissed. Downs appears to argue that the VA violated unspecified rules concerning applications from veterans who are more than 30% disabled. Downs does not identify the supposed laws and policies to which he refers, nor does he explain how this issue would rebut

---

[4]Downs also argues that the temporal proximity between his unspecified "protected conduct" and the VA's refusal to hire him as a File Clerk demonstrates pretext. As an initial matter, Downs did not clearly articulate this argument to the Magistrate Judge and, therefore, has waived his right to raise it here. *See Murr v. United States*, 200 F.3d 895, 901 n.1 (6th Cir. 2000); *The Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n.2 (6th Cir. 2010). Furthermore, Downs does not identify the protected conduct to which he refers, meaning that the objection is non-specific and, therefore, waived. Even if the court were to assume that Downs is referring to the EEO complaint he filed in January 2008 relating to a vacancy announcement that is no longer at issue in this case, the claim would still fail. Downs received notice that he did not receive the File Clerk position on or about April 15, 2009 (*see* Docket No. 73, Ex. 3), over one year after initiating EEO proceedings. Particularly in light of this significant temporal gap, the "temporal proximity, standing alone, is insufficient to establish a causal connection for a retaliation claim." *Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 321 (6th Cir. 2007).

the defendant's legitimate, non-discriminatory reasons for its refusal to hire him for that position. Downs also argues that it was inconsistent for the VA to permit him to be interviewed for the Service Representative Position and yet ultimately conclude that he would not be hired because his interview score was too low. As explained in the R&R, these are not inconsistent positions. In spite of the other than honorable discharge notation, the VA only interviewed Downs as a condition of the mediation of his earlier EEO complaint. Downs' interview score was too low to make the initial hiring cut.[5] After six of the initial 32 vacancies were not filled, the VA backfilled those six vacancies with eligible candidates who had applied for other job announcements. Although Downs complains that the VA utilized this process specifically to avoid hiring him, the court agrees with the Magistrate Judge that the argument is purely speculative: Downs presented no evidence establishing that the practice was irregular or unusual, that the job certificates corresponding to the other hired candidates were for positions other than a Service Representative Position, or that the other candidates had lower scores than he.

To the extent Downs purports to raise additional objections, including, *inter alia*, his generalized objection that the Magistrate Judge improperly disregarded his "affidavits, declarations, pleadings, interrogatories, etc.," those objections are not specific and, therefore, are waived.

Accordingly, for the reasons stated herein, Downs' Objections are **OVERRULED** and the Magistrate Judge's R&R is **ACCEPTED** and made the findings of fact and conclusions of law of this court. Downs' remaining claims are hereby **DISMISSED WITH PREJUDICE**.

---

[5] Indeed, as the Magistrate Judge found in the R&R, Downs did not offer any evidence showing that the interview score was inaccurate or contrived.

Entry of this Memorandum & Order shall constitute judgement in the case.

It is so **ORDERED**.

Enter this 23rd day of September 2013.

_____
ALETA A. TRAUGER
United States District Judge